IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01441-WYD-MJW

SHERRON L. LEWIS, JR.,

    Plaintiff,

v.

IMPRESTO, LLC,

    Defendant.

**ORDER**

THIS MATTER is before the Court on the following motions filed by Plaintiff: (1) Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. Rule 59 Regarding this Court's Order of August 30, 2006 (filed September 8, 2006); (2) Plaintiff's Motion to Reopen Case and Complaint Pursuant to Rule 60(b) and Motion for Order to Show Cause and Injunction Pursuant to Rule 7065 (filed October 12, 2006); and (3) Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. Rule 59 Regarding this Court's Order of October 20, 2006 (filed October 23, 2006). These motions are denied for the reasons set forth below.

By way of background, I entered an Order dismissing this case on August 11, 2006 for lack of standing. On August 22, 2006, Plaintiff filed an expedited motion to reconsider the Court's order of dismissal. That motion was denied by Order of August 24, 2006. The Order stated that Plaintiff did not show that the Court misapprehended the facts or Plaintiff's position. I noted in the Order that Plaintiff was advised in the

order of dismissal what needs to occur for the action to be refiled, and he has not complied with the Court's order.

Plaintiff then filed an "Expedited Request for Finding of Fact Pursuant to Fed. R. Civ. P. Rule 52" on August 28, 2006.  This motion was summarily denied by Minute Order dated August 30, 2006.  Plaintiff then filed the current round of motions.

I first address Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. Rule 59 Regarding this Court's Order of August 30, 2006.  This motion raises many of the same arguments made in Plaintiff's two prior motions regarding the order of dismissal, and does not assert any grounds that would require the Court to alter or amend the judgment.  I would also note that the dismissal of this case was proper for the grounds argued by Defendant in its motion to dismiss filed after my order of dismissal—Plaintiff is attempting to bypass an ongoing state proceeding authorizing the sale of certain properties under C.R.C.P. 120.  Federal court abstention is proper pursuant to the *Younger* doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).

Turning to the other two motions, the motion to reopen the case does not address the order of dismissal at all, but appears to simply be a reiteration of the complaint.  This is clearly an improper filing.  Finally, Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. Rule 59 Regarding this Court's Order of October 20, 2006 is frivolous as it addresses an order that does not exist in this case.

Plaintiff has been afforded the opportunity to file numerous motions contesting the propriety of the dismissal of this case.  If Plaintiff continues to dispute the Court's

dismissal of his case, he must commence an appeal rather than filing further pleadings in this Court. Any future pleadings by Plaintiff may be summarily stricken.

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. Rule 59 Regarding this Court's Order of August 30, 2006 (filed September 8, 2006) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion to Reopen Case and Complaint Pursuant to Rule 60(b) and Motion for Order to Show Cause and Injunction Pursuant to Rule 7065 (filed October 12, 2006) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. Rule 59 Regarding this Court's Order of October 20, 2006 (filed October 23, 2006) is **DENIED**.

Dated: February 9, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge